IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| ALVIN GAMAR STANLEY, | |
| Plaintiff, | CIVIL ACTION NO.: 5:21-cv-52 |
| v. | |
| TIMOTHY C. WARD, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court on Plaintiff's Amended Complaint and his failure to comply with the Court's Order. Docs. 19, 20. For the following reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint for failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for Preliminary Injunction. Doc. 18. Further, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Finally, I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1]  A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A magistrate judge's report and recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed). This Report and Recommendation constitutes fair notice to Plaintiff his suit is due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation

**BACKGROUND**

Plaintiff, proceeding pro se, filed a 42 U.S.C. § 1983 Complaint, seeking to bring a number of claims related to alleged violations of his constitutional rights against various Defendants. Doc. 1. Plaintiff then filed a motion for leave to file a supplemental complaint, which provided conflicting information. Doc. 13. When attempting to conduct frivolity review, the undersigned could not decipher what claims Plaintiff was attempting to bring and against whom based on the information provided in Plaintiff's Complaint and proposed Supplemental Complaint. Doc. 19 at 1. On March 29, 2021, I ordered Plaintiff to file an Amended Complaint within 14 days of that Order and provided instruction to Plaintiff as to what his Amended Complaint should contain. Id. The Court cautioned Plaintiff his failure to respond in a timely and in an appropriate manner to this Order would result in the recommended dismissal of this cause of action based on Plaintiff's failure to follow a Court Order. Id.

On April 15, 2022, Plaintiff filed a 21-page Amended Complaint. Doc. 19. Plaintiff's Amended Complaint suffers from many of the same deficiencies as Plaintiff's initial and proposed Supplemental Complaints and contains many of the same sparse allegations against a laundry list of Defendants. Compare Docs. 1, 13 with Doc. 19.

**DISCUSSION**

**I.   Dismissal for Failure to Follow This Court's Order**

A district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962); Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718

---

constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

(11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)).  In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)).  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

On March 29, 2022, I issued an Order directing Plaintiff to amend his Complaint and provided detailed instructions as to how Plaintiff could amend to properly state a claim.  Doc. 19.  Plaintiff was cautioned his failure to file an appropriate Amended Complaint will result in "[dismissal for] failure to follow a court Order."  Id. at 1, 4.  Plaintiff, however, ignored the instructions and instead re-submitted an Amended Complaint suffering from the same deficiencies as his original filings.

Specifically, Plaintiff failed to follow this Court's directives: "(6) The Amended Complaint should include only factual allegations concerning events where the rights of Plaintiff were violated or Plaintiff was injured, including the date and location of each alleged violation"; "(7) The Amended Complaint must describe each alleged violation and identify each defendant responsible for each alleged violation"; and "(8) The Amended Complaint should not contain

3

legal argument or conclusions." Id. at 3–4. The Court emphasized Plaintiff must connect a specific Defendant to a violation of his constitutional rights. Id. at 3.

Plaintiff provided a similarly deficient Amended Complaint. Many of Plaintiff's purported claims are still supported by only a single sentence against "Defendants" with little to no factual details. Plaintiff still fails to connect a specific Defendant to facts or events that purportedly violated his constitutional rights. See, e.g., Doc. 20 at 14 (stating unidentified "Defendants" conspired to have him killed at Coffee Correctional Facility); id. (explaining unnamed "Defendants" failed to send him to a cardiologist); id. at 15 (claiming "Defendants" retaliated against him with "evil intentions" by causing unexplained physical injury to Plaintiff). Even where Plaintiff does identify specific Defendants, the factual details he provides are woefully inadequate. Id. (complaining without elaboration that Defendants Ward and Hiniger violated his Fourteenth and First Amendment rights by allowing other unnamed Defendants to participate in a murder-for-hire plot). Indeed, Plaintiff names 15 Defendants but only provides factual allegations concerning five of those Defendants. Finally, Plaintiff attaches unrelated exhibits that explain some of the Defendants had been granted summary judgment in a state court case in February 2021 and a letter from the Southern Center for Human Rights. Id. at 19–20. However, Plaintiff does not explain the significance of these exhibits.

In sum, Plaintiff failed to heed the undersigned's detailed Order and submitted an Amended Complaint that is drafted in a disorganized, repetitive fashion replete with little details about his claims and conclusory allegations and fails to connect specific Defendants to violations of his constitutional rights. Where such failure occurs, a district court may dismiss a plaintiff's claims sua sponte pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962);

Coleman v. St. Lucie Cnty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to comply with the Federal Rules of Civil Procedure, a court order, or local rules. Fed. R. Civ. P. 41(b); see Coleman, 433 F. App'x at 718. Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true dismissal with prejudice for failure to prosecute is a "sanction . . . to be utilized only in extreme situations" and requires a court to "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cnty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62 F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) (citing Morewitz, 62 F.3d at 1366). By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. Taylor, 251 F. App'x at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute § 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs

5

insisted on going forward with deficient amended complaint rather than complying or seeking an extension of time to comply with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute § 1983 claims where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff non-compliance could lead to dismissal).

Plaintiff was warned his failure to abide by the directions the Court would dismiss his case for failure to follow a court order.  Doc. 19.  As explained above, Plaintiff plainly failed to follow the directives, as laid out in the Order.  Thus, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint, doc. 20, for failure to follow this Court's Orders and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment.  Additionally, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for Preliminary Injunction.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.  Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal.  See Fed. R. App. P. 24(a)(3) (trial court may certify appeal of party proceeding in forma pauperis is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when she seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal

theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the following reasons, , I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Amended Complaint for failure to follow this Court's Order. Additionally, I **RECOMMEND** the Court **DENY as moot** Plaintiff's Motion for Preliminary Injunction. Doc. 18. Further, I **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal. Finally, I further **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection the Magistrate Judge failed to address a contention raised in the Amended Complaint or an argument raised in a filing must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal

conclusions on appeal by failing to file timely, written objections.  <u>Harrigan</u>, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.  Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 21st day of April, 2022.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA